Richard Irvin McCALL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23418.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1967.

Frank Owen, III, El Paso, Tex., for appellant.

Harry Lee Hudspeth, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before WISDOM, COLEMAN, and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant and Barbara Fern Robertson were indicted for interstate transporta-

tion of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C.A. § 2312. Miss Robertson pleaded guilty. Appellant stood trial to a jury and was found guilty. We affirm.

Miss Robertson came into possession, by theft, of the driver's license and credit cards of a third party in Birmingham, Alabama. She thereafter went to Jacksonville, Florida, where she caused a man, never identified but concededly not the appellant, to rent the automobile in question by using the stolen documents. She and appellant afterwards embarked on a six thousand mile journey through several states. They were ultimately arrested in possession of the automobile in El Paso, Texas.

It was the theory of the prosecution that McCall aided and abetted Barbara Fern Robertson and thus became a principal, 18 U.S.C.A. § 2. Appellant's defense was lack of guilty knowledge.

He was ably and vigorously represented by court appointed counsel and the record reveals that he received a scrupulously fair trial. This could easily be called a close case on the facts except for the fact that proof showed that early in the interstate travels appellant found the car rental contract under the car seat. He urged his companion to "ditch" the automobile; she declined, and he continued with her. There was proof directly connecting him with the use of a stolen license plate on the vehicle. After her plea of guilty, Miss Robertson attempted to assume sole blame. She testified that she led McCall to believe that the vehicle was being used by permission of her "husband", [although she had no husband at the time]. On some details she was impeached by contradictory statements she had made after her arrest.

The appeal attacks the admission of various documents, including those showing how the automobile was rented and the use of the stolen credit cards in the purchase of tires, gasoline, and lodging. This was competent to prove the essential ingredients of the offense, that is, that there was a fraudulently obtained

motor vehicle and that it was transported in interstate commerce. Moreover, as to each and every document admitted, the trial court was very careful to preserve the rights of the defendant, fully informing the jury of the limited purpose for which the evidence was being received. The jury charge clearly and emphatically stated the law of the case in a manner most favorable to the defendant.

The jury having discharged its function, the trial court having committed no error of law, we are without any basis upon which to disturb either the verdict or the sentence which followed.

Affirmed.